By the Court.—Sedgwick, Ch. J.
It appeared on the motion below, that the judgment was entered upon a verdict of the jury. An answer had been served and the issue made by it was noticed for trial; the action was regularly called; the defendant’s counsel made a *54 motion for an adjournment of the trial, which "was denied ; the court proceeded to the trial, but the defendant and his counsel refused and omitted to appear upon it, and an inquest was taken, the verdict being for plaintiff.
The learned counsel for respondent argues, that, inasmuch as the defendant did not appear upon the trial, the judgment rendered upon the verdict was a judgment by default; and that, by 2 P. S. 309, § 38, after “judgment in ejectment rendered by default” the court can only grant a new trial, “if such court shall be satisfied that j ustice will be promoted and the rights of the parties more satisfactorily ascertained and established,” and cannot 'grant a new trial as of course under section 37, when it is applied for within three years.
This position is not valid. A judgment is, within the meaning of the Revised Statutes, rendered by default, when it is entered for want of answer, as it is now termed, or of plea, which was the corresponding pleading of the Revised Statutes. Other sections make this clear. By section 33 “ the judgment in the action, if the plaintiff prevail, shall be, that the plaintiff recover the possession of the premises according to the verdict of the jury, if there was such verdict, or if the judgment be by default, according to the description thereof in the declaration.”
In the practice, if the defendant made default at the trial, this was not such a default as would entitle the plaintiff to sign judgment, but he was obliged to proceed regularly to verdict and judgment, which he might do by inquest in open court (1 Graham's Pr. 784).
The language of sections 37 and 38, preserves the distinction. Within three years, by section, 37 the court in which “ such judgment shall be rendered” “ shall vacate such judgment ” upon payment of costs *55 and damages recovered.” The words “ such judgment” refer to the preceding section (36), which provides that every judgment in the action of ejectment rendered, upon the verdict of a jury, &c., shall be conclusive, &c. Section 38 proceeds, as has been said, to provide for judgments rendered by default.
As the judgment in this action was rendered upon the verdict of a jury and not by default, the appellant, having applied for a new trial within three years, was entitled to it, unless certain facts set up by the plaintiff, on the motion below, had deprived him of that right.
It appeared by affidavit of one Sacia, that- it was arranged between the defendant and himself, acting for plaintiff, that the former should withdraw his answer and allow plaintiff to take judgment, and that plaintiff should thereupon give to the father of defendant a lease ; and that such lease was given, the defendant being a witness to its execution. The-lease was produced on the motion.
The proof, however, was clear that the answer was not withdrawn, and the statutory right to a new trial was not abandoned, so far as the actual withdrawal of an answer might be an 'abandonment of it. In effect, therefore, the matters disclosed were mere pieces of evidence, as to the state of the title as between the plaintiff and defendant, and the defendant has a right to assert that, both before the action and after the judgment, he was entitled to possession as against the plaintiff, and has a right to a trial by jury, on the facts. '
For these reasons, I think the order appealed from, should be reversed, with $10 costs, and disbursements ; also, an order should be entered, granting a new trial on the payment of the costs and damages.
Speir, J., concurred.